```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: OPENWAVE SYSTEMS
SECURITIES LITIGATION

This Document Relates to: All Cases

Master File
07 Civ. 1309 (DLC)

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

On the twenty-seventh day of February, 2009, a hearing having been held before this Court to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Consolidated Action") fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, as shown by the records of Openwave's transfer agent, at the respective addresses set forth in such records, who purchased or otherwise acquired common stock of Openwave between September 30, 2002 and October 26, 2006, inclusive, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Consolidated Action and over all parties to the Consolidated Action, including all Class Members.

2. Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel are hereby awarded attorneys' fees in the amount of 23 % of the $20 million Settlement Amount net of the Court-awarded litigation expenses, with interest thereon at the same net rate as earned by the Settlement Fund from the date the Settlement Fund was funded to the date of payment, which sum the Court finds to be fair and reasonable, and $ 327,889.73 in reimbursement of litigation expenses, which expenses shall be paid to Lead Counsel from the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Consolidated Action.

4. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $20 million in cash that is already on deposit and has been earning interest, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Consolidated Action;

(c) To date copies of the Notice were disseminated to over 113,000 putative Class Members stating that Lead Counsel were moving for attorneys' fees in an amount not to exceed 23% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of this Consolidated Action in an amount not to exceed $400,000 and only 2 objections were filed against the fees requested by Lead Counsel contained in the Notice;

(d) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Consolidated Action involves complex factual and legal issues and was actively prosecuted for nearly two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from the Defendants;

(g) Plaintiffs' Counsel have devoted over 7,600 hours, with an undetermined lodestar value of approximately $2.875 million, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded, which represents a multiplier of approximately 1.57 on Plaintiffs' Counsel's undetermined lodestar, and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

6. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Consolidated Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

7. In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated: New York, New York
February 27, 2009

_____
HONORABLE DENISE COTE
United States District Judge

#352877.1