USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: OPENWAVE SYSTEMS
SECURITIES LITIGATION

07 Civ. 1309 (DLC)

## ~~[PROPOSED]~~ ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff, on notice to Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Fund, and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Stephen J. Cirami in Support of Lead Plaintiff's Motion For Approval of Distribution Plan (the "Cirami Declaration"), and the 6/4/10 Supplemental Cirami Declaration, ~~submitted therewith~~

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Settlement Agreement dated October 27, 2008 (the "Stipulation") and the Cirami Declaration and all terms used herein shall have the same meanings as set forth in the Stipulation and the Cirami Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

   a. The administrative recommendations of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG"), to accept the Timely Eligible Claims, as set forth on Exhibit C-1 to the Cirami Declaration, and the Late But Otherwise Eligible Claims, as set forth in Exhibit C-2 to the Cirami Declaration, are adopted;

b.  The Claims Administrator's administrative recommendations to reject wholly ineligible or otherwise deficient Proofs of Claim, as set forth in Exhibit C-3 to the Cirami Declaration, including Disputed Claims 1-12 as set forth in Exhibit B to the Cirami Declaration, are adopted;

c.  GCG is directed to distribute 100% of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and authorized herein, and after the payment of any estimated taxes and the costs of preparing appropriate final tax returns and any escrow fees, to the Authorized Claimants who would receive a distribution of at least $20.00 based on their Recognized Loss Amounts in comparison to the total Recognized Loss Amounts of all Authorized Claimants (the "Distribution");

d.  In order to encourage Authorized Claimants to cash their Distribution drafts promptly, and to avoid or reduce future expenses relating to unpaid Distribution drafts, all Distribution drafts shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

e.  Authorized Claimants who do not cash their Distribution drafts within the time allotted will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated drafts will be available in the re-distribution to other Authorized Claimants;

f.  If any funds remain in the Net Settlement Fund after the Distribution because of uncashed distributions or other reasons, then, after GCG has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution drafts, any balance remaining in the Net Settlement Fund one (1) year after the Distribution shall be redistributed to

Authorized Claimants who have cashed their Distribution drafts and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If any funds shall remain in the Net Settlement Fund six (6) months after such redistribution, then such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations designated by Lead Counsel after notice to the Court and subject to direction, if any, by the Court;

g. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants;

h. No further Proofs of Claims may be accepted, and no further adjustments to Proofs of Claim may be made for any reason, after March 11, 2010;

i. All of the fees and expenses incurred and to be incurred by GCG in connection with its administration of the Settlement are approved; accordingly, Lead Counsel shall direct payment of $66,890.56 out of the Settlement Fund to GCG for the unpaid balance of such fees and expenses;

3

  j. Paper copies of the Proofs of Claim and all supporting documentation may be destroyed one year after the Distribution, and electronic copies of the same may be destroyed three years after the Distribution.

  4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

   June 9, 2010

                _____
                  DENISE COTE
                  United States District Judge

#435977.3